# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE S. MARTEN and<br>CHRISTOPHER MARTEN,<br><br>           Plaintiffs,<br><br>      v.<br><br>OFFICE OF THE INDIANA ATTORNEY<br>GENERAL, INDIANA DEPARTMENT OF<br>REVENUE, ANDREW W. SWAIN,<br>individually and in his capacity as Chief Counsel<br>in the Tax Litigation Division of the Office of<br>Indiana Attorney General, RICK ALBRECHT,<br>individually and in his capacity as Auditor of the<br>Indiana Department of Revenue, UNKNOWN<br>REPRESENTATIVE(S) OF THE OFFICE OF<br>THE INDIANA ATTORNEY GENERAL,<br>UNKNOWN REPRESENTATIVE(S) OF THE<br>INDIANA DEPARTMENT OF REVENUE,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:12-cv-00195-TWP-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' Office of the Indiana Attorney General ("OAG"), Indiana Department of Revenue ("DOR"), Andrew Swain ("Mr. Swain"), and Rick Albrecht's ("Mr. Albrecht") (collectively, "Defendants"), Motion to Dismiss Plaintiffs' Complaint for Damages.  Plaintiffs Janice S. Marten ("Mrs. Marten") and Christopher Marten ("Mr. Marten") (collectively, "the Martens"), filed this five-count action alleging the Defendants conspired to violate their federal civil rights under 42 U.S.C. §§ 1983 and 1985 and under state law in Indiana.  Mr. Swain is sued in his individual and official capacity as the Chief Counsel in the Tax Litigation Division of the OAG and Mr. Albrecht is sued in his individual and official capacity as the Auditor of the DOR.  The action arises from the 2008 audit and eventual criminal

charges filed against the Martens and their business J.S. Marten, Inc. The criminal charges were dropped in 2011, and this action was filed in 2012. Defendants raise several grounds for dismissal. Because the Court agrees that Plaintiffs have failed to state a claim for which relief can be granted, Defendants' motion is **GRANTED,** both with and without prejudice.

## I. BACKGROUND

The Martens allege the Defendants conspired to violate their civil rights and performed actions which include malicious prosecution, abuse of process, conversion and intentional infliction of emotional distress. Mrs. Marten was the owner and sole shareholder of a jewelry business, J.S. Marten, Inc., ("J.S. Marten") located in Carmel, Indiana. In 2007, the DOR, led by Mr. Albrecht began an audit of J.S. Marten's sales tax collections and remittances of the business. The Martens claim that while Mr. Albrecht initially corresponded with them, he and the DOR failed to provide status updates or results from the audit between August 2007 and January 2008. At some point between 2007 and 2008, the DOR initiated civil proceedings against Mrs. Marten and J.S. Marten on the bases that the business failed to properly collect and remit sales tax. Mr. Swain appeared as counsel for the DOR and subpoenaed the Martens, requiring them to appear for depositions in June 2008. The Martens allege that at the depositions, Mr. Swain told them they did not need attorneys and that they could not attend each other's deposition. The testimony elicited at the depositions was later used to pursue a criminal investigation of the Martens and J.S. Marten.

Sometime before the depositions were taken, Mr. Albrecht submitted an affidavit, allegedly containing misleading and false statements of fact, to secure a search warrant of the Martens' home and business. On July 10, 2008, Mr. Swain and unidentified representatives of the DOR and OAG executed a search warrant at the Martens' home and at J.S. Marten. The

Martens allege Mr. Swain directed the search and seizure of items and locations at both their home and business that were not covered by the warrant. The Martens further allege that the inventory provided by Mr. Swain omitted substantial amounts of personal property that had been seized.

On July 12, 2008, the DOR filed Jeopardy Assessment Notices seeking judgment against the Martens and J.S. Marten for approximately $900,000.00. Lawyers for J.S. Marten met with the DOR and negotiated a settlement of the sales tax issues. In accordance with the settlement agreement, the Martens made a preliminary escrow payment of $100,000.00 on October 15, 2008. On October 23, 2008, the Martens were arrested on charges filed in a 14 count information for tax evasion, failure to pay taxes and falsification of tax records. The Martens allege the charging information was based in part on an affidavit from Mr. Albrecht which misrepresented material facts and that Defendants deliberately used their civil powers to gain a tactical advantage in the criminal matter. On March 7, 2011, after years of legal wrangling began, the criminal charges against the Martens were dropped.

On February 15, 2012, the Martens filed this suit alleging the following counts: Count I—Violation of 42 U.S.C. §§ 1983 and 1985; Count II—Malicious Prosecution; Count III—Intentional Infliction of Emotional Distress; Count IV—Abuse of Process; and Count V—Conversion. The Martens seek damages and fees. On April 14, 2012, Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

The Defendants bring this motion to dismiss on several grounds, including:  (1) the Eleventh Amendment bars claims against the OAG and DOR, and monetary claims against officials in their official capacities; (2) listing "unknown representatives" as defendants does not sufficiently identify defendants; (3) Mr. Swain and Mr. Albrecht enjoy immunity; (4) the Martens' § 1983 and § 1985 claims are not supported; (5) the statute of limitations bars several claims; and (6) the Indiana Tort Claims Act ("ITCA") bars the state law claims.  The Court will address the federal law claims and state law claims and Defendants' corresponding arguments in turn.

A.   **Count I—Violation of 42 U.S.C. §§ 1983 and 1985**

The Martens allege that Defendants, acting under color of law, denied them of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights, as well as their rights under Article 1, section 14 of the Indiana Constitution.  Specifically, they allege their Fifth Amendment and Indiana Constitutional rights were violated when Defendants used an administrative subpoena for a criminal investigation and failed to disclose to the Martens, the investigation, the potential

consequences of the Martens' testimony, and their constitutional rights.  The Martens claim the Defendants violated their Fourth Amendment rights by obtaining search warrants for their home and business without probable cause because the warrants were based on materially false statements. Further, they allege Defendants' acts of malicious prosecution, intentional infliction of emotional distress, and abuse of process further violated their civil rights.

Defendants argue the §§ 1983 and 1985 claims must be dismissed as to Mr. Swain and Mr. Albrecht in their individual capacities because, among other reasons, the statute of limitations bars the Martens' claims.  *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.").  Claims brought under §§ 1983 and 1985 are governed by the statute of limitations for personal injury actions in the state where the purported injury occurred.  *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).  In Indiana, the personal injury statute of limitations is two years.  Ind. Code § 34-11-2-4.  Further, §§ 1983 and 1985 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. at 581-82 (emphasis added; citation omitted); *see also Bullock v. City of Chicago*, 118 Fed. Appx. 75, 77 (7th Cir. 2004) ("Bullock obviously knew that the semen-stained underwear existed at least by 1994 when he learned of the DNA test results and was released from prison. Because he did not file this lawsuit until March 2001, his claim is untimely."). Moreover, "[t]o determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan*, 644 F.3d at 582 (emphasis added).

Defendants argue that all the events forming the basis of the Martens' complaint occurred in 2008, and the Martens' Complaint was not filed until February 15, 2012. The Martens respond that Defendants' conduct constituted a continuing violation of their constitutional rights. Under Indiana law, the doctrine of continuing wrong applies when an entire course of conduct combines to produce an injury. *Garneau v. Bush*, 838 N.E.2d 1134, 1143 (Ind. Ct. App. 2005); *Frady v. Hedgcock*, 497 N.E.2d 620, 622 (Ind. Ct. App. 1986). This doctrine delays the running of the statute of limitations until the wrongful act ceases, allowing the plaintiff to file suit within normal statutory confines after that point. *Schwindt v. Hologic, Inc.*, No. 1:11-cv-00110-JMS-MJD, 2011 WL 3806511, at *8 (S.D. Ind. Aug. 26, 2011). "But the doctrine does not delay the statute of limitations if the Plaintiff learns of facts that should lead to the discovery of a cause of action, even in the event that the relationship between the plaintiff and the tortfeasor continues afterward." *Id.* (internal quotation marks and brackets omitted); *see Parks v. Madison Cnty.*, 783 N.E.2d 711, 719 (Ind. Ct. App. 2002) (the continuing wrong doctrine "does not mean [ ] that the plaintiff may sit idly by if he discovers facts that alert him that he has a cause of action").

The Martens argue the Defendants' conduct during the prosecution of the criminal case establishes a wrong that was developing over time and continuing in nature. They contend this wrongful conduct did not end until the criminal charges were dismissed in May 2011. The Court is not persuaded. This case is similar to *Martinez v. Caesars Riverboat Casino, LLC*, No. 4:08-cv-SEB-WGH, 2009 WL 426045 (S.D. Ind. Feb. 19, 2009), in which Judge Barker rejected the plaintiff's continuing wrong argument. In *Martinez*, the plaintiff was arrested at the Caesars casino by security and Indiana Gaming Commission agents for failing to provide valid identification, was charged with resisting law enforcement and spent 107 days in jail. *Id.* at *1. At issue was whether the plaintiff filed his ITCA notice within the required time period. The

plaintiff argued his notice was timely because the violation of his rights was a continuing wrong that did not end until the charges against him were dropped and he was released from jail. *Id.* at \*2. Judge Barker explained that the continuing wrong doctrine does not prevent the statute of limitations from beginning to run when the plaintiff "learns of facts that should lead to the discovery of his cause of action." *Id.* Judge Barker held that the plaintiff immediately knew of the facts giving rise to his causes of action when they occurred, and the essential facts of his claims occurred on the date of his arrest. *Id.* at \*3. Therefore, the continuing wrong doctrine did not toll the required time period for giving notice under the ITCA.

Similarly, in this case, the essential facts giving rise to the Martens' causes of action all occurred in 2008. The administrative subpoenas used to compel the Martens' attendance were issued in 2008 and the deposition testimony was taken in 2008. Likewise, the execution of the search warrants and seizure of property, and the initial filing of criminal charges all took place in 2008. The Martens immediately knew of these facts when they occurred. It is true that the criminal charges were not dismissed until 2011, which arguably extended the transaction between the Martens and Defendants, but the statute of limitations begins to run when a plaintiff learns of facts that should lead to the discovery of a cause of action, even in the event that the relationship between the plaintiff and the tortfeasor continues afterward. Therefore, the Martens' §§ 1983 and 1985 claims are barred by the two-year statute of limitations, and are dismissed. Moreover, the §§ 1983 and 1985 claims are dismissed as to the OAG and DOR because these entities are not "persons" under the statute. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

**B.     Count II—Malicious Prosecution; Count III—Intentional Infliction of Emotional Distress; Count IV—Abuse of Process; and Count V—Conversion**

The Martens allege several state law claims against Defendants.  Under Count II, they allege that there was no probable cause for the commencement or continuation of the criminal prosecution against them, and that Defendants acted with actual malice.  Under Count III, the Martens allege Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at the Martens with the intention to cause severe emotional distress.  Under Count IV, the Martens allege Defendants used the legal process in a perverted manner, specifically by using administrative processes to conduct a criminal investigation.  Finally, under Count V, the Martens allege Defendants knowingly or intentionally exerted unauthorized control over the Martens' property.

Defendants raise several grounds for dismissing the Martens' state law claims, several of which have merit.  First, Defendants argue Counts III, IV, and V are barred by the two-year statute of limitations.  *See* I.C. § 34-11-2-4.  A claim for intentional infliction of emotional distress begins to accrue when the underlying event occurred.  *See Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008).  Here, the factual allegations supporting Count III only reference "a continuous pattern of extreme and outrageous conduct . . . at least until the criminal proceedings against [the Martens] terminated."[1]  Dkt. 1 at 9.  The Court infers that the Martens are referring to the events that took place in 2008, because there are no factual allegations for any actions taken by Defendants other than those in 2008 and the ultimate dismissal of the charges which took place in 2011.  In other words, the Martens have not alleged any facts to support an intentional infliction of emotional distress claim that extends between October 2008 and March

---

[1] The Court notes that this allegation is little more than a legal conclusion or "threadbare recital[ ]" of the elements of a cause of action supported by conclusory statements, which need not be accepted as true.  *See Brooks*, 578 F.3d at 581.

2011. Therefore, the Court finds the statute of limitations began to run on the Martens' intentional infliction of emotional distress claim, at the latest on October 23, 2008 when they were arrested. Because suit was not filed within two years of that date, Count III is barred by the statute of limitations.

"A cause of action for abuse of process accrues when the act complained of . . . is committed." *Yoost v. Zalcberg*, 925 N.E.2d 763, 771 (Ind. Ct. App. 2010). The factual allegation supporting the Martens' abuse of process claim, the misuse of their depositions, occurred in 2008. Therefore, the statute of limitations began to run on the date the depositions were taken, in June 2008. Because suit was not filed within two years of that date, Count IV is barred by the statute of limitations.

The statute of limitations for the tort of conversion begins to run when the plaintiff knows or could have discovered that an injury has been sustained. *Shaum v. McClure*, 902 N.E.2d 853, 857 (Ind. Ct. App. 2009). "For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Id.* While the date property is seized is not always the triggering date for the statute of limitations, *see Fikes v. Whitesell*, No. 4:11-cv-00034-TWP-WGH, 2011 WL 5025523, at *3 (S.D. Ind. Oct. 20, 2011) (holding that when no wrongdoing occurred at the time of seizure, statute of limitations did not begin to run on that date), in this case the Martens do allege the seizure of their property was a violation of the search warrants. Because they allege wrongdoing at the time of seizure; the conversion claim began to accrue on July 10, 2008. Because suit was not filed within two years of that date, Count V is barred by the statute of limitations.

Defendants also contend that Count II is barred as to the OAG, DOR, and Mr. Swain and Mr. Albrecht in their official capacities, because the Martens have not complied with the notice

requirements of the ITCA. *See* I.C. § 34-13-3-6 ("[A] claim against the state is barred unless notice is filed with the attorney general or the state agency involved within [270] days after the loss occurs."). The Martens respond that although they made no averment in their Complaint, they have complied with the ITCA notice requirements. They further argue that "[w]hen a plaintiff chooses federal court, the 180-day notice is not even required as a prerequisite to filing suit, let alone a required averment in the complaint." Dkt. 22 at 7. However, the cases the Martens cite for this proposition offer no support. While it is true that plaintiffs need not comply with state notice requirements when bringing § 1983 claims in state court, *see Felder v. Casey*, 487 U.S. 131, 138 (1988), "[c]ompliance with the ITCA is a prerequisite to pursuing a tort claim against [a state agency] regardless of whether the suit is filed in state or federal court." *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 648 (7th Cir. 2006). Because malicious prosecution is a state tort claim and not a § 1983 claim, the ITCA applies.

There are four elements to a claim of malicious prosecution: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; (4) the original action was terminated in the plaintiff's favor." 19 Ind. Law Encyc. Malicious Prosecution § 1. Therefore, the cause of action does not accrue until the action is terminated in plaintiff's favor. In this case, that date was March 7, 2011. This lawsuit was filed on February 15, 2012 – 340 days after the charges were dropped in the Martens' favor. The Martens contend that "they have complied with the notice provisions of the ITCA, however they have not made any such averments in their Complaint". (Dkt. 22 at 7). Therefore, the Court finds that the Martens have failed to comply with the notice requirement of the ITCA as required. Defendants' motion to dismiss Count II against the OAG and DOR is granted.

Moreover, the ITCA grants immunity to a governmental entity or employee acting within the scope of his employment for the "initiation of a judicial or an administrative proceeding." I.C. § 34-13-3-3(6). To sue a state official personally, a lawsuit must allege that an act or omission of the employee is either criminal, clearly outside the scope of the employee's employment, malicious, willful and wanton, or calculated to benefit the employee personally. I.C. § 34-13-3-5(c). While the complaint does allege Defendants acted with malice and had unlawful conduct, it likewise asserts that at all times, Defendants were "state actors." Dkt. 1 at 9. Therefore, as currently pled, the Court must find that Defendants are protected by immunity and the Court dismisses Count II on this additional ground.

**C.     Defendants "Unknown Representatives" of the OAG and DOR**

Defendants also move to dismiss the unnamed defendants. In addition to the named Defendants, the Martens have also included in this action "Unknown Representatives" of the OAG and DOR. Defendants argue the Martens have not provided the Court with sufficient information to identify these defendants, and "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). The Martens argue that it has given the Court sufficient information to identify the unknown representatives, even if they have not yet discovered their names, because it has limited the defendants to those who assisted Mr. Swain in executing the search warrants. The Court agrees with Defendants. The Martens have not sufficiently identified the unknown representatives of the DOR and any claims against unknown representatives of the OAG for execution of the search warrant would be time-barred. Therefore, Defendants' motion to dismiss "Unknown Representatives" as defendants is granted.

## IV.  CONCLUSION

Based on the foregoing, the Court makes the following rulings.  Counts I, III, IV, and V are barred by the statute of limitations, therefore, Defendants' Motion to Dismiss (Dkt. 14) as to these counts is **GRANTED with prejudice**.  Defendants' Motion to Dismiss defendants "Unknown Representatives" is **GRANTED with prejudice.** Because the Martens failed to allege they complied with the notice requirements of the ITCA as required for Count II, and as pled, Defendants have immunity, Defendants' Motion to Dismiss (Dkt. 14) for Count II is **GRANTED, but without prejudice.** Plaintiffs have 14 days from the date of this Entry to file an amended complaint that addresses the ITCA notice requirement and immunity issues discussed in this Entry.

SO ORDERED:   10/22/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert A. Garelick
COHEN GARELICK & GLAZIER
bgarelick@cgglawfirm.com

Steven Michael Crell
COHEN GARELICK & GLAZIER
screll@cgglawfirm.com

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
grant.helms@atg.in.gov