UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE S. MARTEN and<br>CHRISTOPHER MARTEN,<br><br>            Plaintiffs,<br><br>      v.<br><br>ANDREW W. SWAIN, RICK ALBRECHT,<br>and STATE OF INDIANA,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:12-cv-00195-TWP-TAB |

**ENTRY ON MOTION TO DISMISS**

This matter is again before the Court on Defendants', Andrew Swain ("Mr. Swain"), Rick Albrecht ("Mr. Albrecht"), and the State of Indiana ("the State") (collectively, "Defendants"), Motion to Dismiss (Dkt. 39). On October 22, 2012, the Court dismissed Plaintiffs', Janice and Christopher Marten's ("the Martens"), federal and several state claims finding they were barred by the statute of limitations. The Martens, however, were granted leave to file an amended complaint with respect to their malicious prosecution claim against Defendants. A second amended complaint was filed on October 26, 2012[1] and it, along with the exhibit filed May 17, 2013, establishes that the Martens complied with the Indiana Tort Claims Act ("ITCA") before bringing their claim of malicious prosecution against Defendants. Now fully addressing the merits of the claim, Defendants' motion (Dkt. 39) is **GRANTED**.

**I. BACKGROUND**

Janice Marten owned J.S. Marten, Inc., a jewelry business, located in Hamilton County, Indiana. In 2007, the Indiana Department of Revenue ("Department") began an audit of the

---

[1] Defendants have objected to the Second Amended Complaint (Dkt 37) as being filed without leave. The Court accepts the Martens' explanation that the First Amended Complaint (Dkt. 36) was inadvertently filed.

business. Mr. Albrecht, an agent of the Department, conducted the audit and initiated civil proceedings against Ms. Marten and the business in 2008. In connection to the audit, the Martens gave depositions without having an attorney present. Prior to the depositions, Mr. Albrecht sought a search warrant from the Hamilton County Circuit Court for the Martens' home and business. Mr. Albrecht's affidavit in support of the search warrant contained misleading, if not false, statements. On July 10, 2008, Mr. Swain executed a search warrant at the Martens' home and business. Shortly thereafter, the Department levied tax assessments against the business and sought a judgment totaling approximately $900,000.00. On October 10, 2008, the Martens negotiated a settlement on sales tax issues and tendered a $100,000.00 escrow deposit. On October 23, 2008, the Martens were arrested on charges of failure to pay taxes, tax evasion, and falsification of tax records. On January 25 and March 7, 2011, all charges against the Martens were dismissed with prejudice after a judge in the Hamilton Superior Court found that the audit was the basis for the criminal charges and that the Department had withheld documents from the Martens. The Martens then served Defendants with notice under the ITCA and filed the original action on February 15, 2012.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough

facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

As an initial matter, the Martens request that the Court remand this action to the Hamilton Superior Court, noting that no federal claims remain in the lawsuit. However, the Martens filed this original action in federal court and not in state court. The Court is therefore unable to remand it to Hamilton Superior Court, because the case did not originate there. Moreover, although it was not expressly stated, the Court chose to exercise discretionary jurisdiction over the remaining state malicious prosecution claim in the October 22, 2012 dismissal. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over all claims, such as state law claims lacking diversity, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, district courts may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Seventh Circuit has held that "[n]ormally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotation marks omitted). There are three exceptions to the rule:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 514–15 (internal quotation marks omitted).  In this case, it is clear how the malicious prosecution claim can be decided.  Furthermore, at this stage of the case, the statute of limitations has run and the suit could not be—as of this date—re-filed in state court.

It bears noting, however, that if the Martens, after the Court's dismissal on October 22, 2012, had wanted their state law claim to be heard in state court they were free to forego filing an amended complaint in this Court.  The statute of limitations on their malicious prosecution claim did not run until January and March 2013.  Yet, the Martens chose to continue pursuing their claim in this Court, so the Court will address the remaining claim on its merits.

There are four elements to a claim of malicious prosecution: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; (4) the original action was terminated in the plaintiff's favor."  19 Ind. Law Encyc. Malicious Prosecution § 1.  The ITCA provides that "a governmental entity or an employee acting within the scope of his employment is not liable if a loss results from" the "initiation of a judicial or administrative proceeding."  Ind. Code § 34-13-3-3(6).

The Martens allege that at all times relevant, "Swain and Albrecht were purporting to act as agents and within the scope of their employment for the [Office of the Attorney General ("AG")] and Department, respectively, but were in fact acting outside the scope of their employment and acted maliciously in their wrongdoing."  Dkt. 37 at 2.  In other words, it appears that the Martens contend that due to Mr. Swain's and Mr. Albrecht's malicious intent, their actions were outside the scope of their employment, which if true, would defeat ITCA immunity.

In the second amended complaint, the Martens state that Mr. Albrecht gave misleading, if not false, statements to the Hamilton Circuit Court, that Mr. Swain did not provide an accurate inventory of items seized from the Martens' home and business, that both "used their civil powers to gain a tactical advantage in the State's criminal prosecution" and "illegally masqueraded its criminal prosecution as a civil enforcement proceeding," Dkt. 37 at 5, ¶24, and acted in bad faith. Yet, the Martens do not set forth any facts that support their claim that at any time Mr. Swain or Mr. Albrecht acted outside the scope of their employment. The conduct described, while perhaps in bad faith, occurred because of and within the scope of employment. Under Indiana law, "the presence of bad faith cannot remove the conduct from the very protection envisioned by the Act." *Clifford v. Marion Cnty. Prosecuting Attorney*, 654 N.E.2d 805, 809 (Ind. Ct. App. 1995).

For example, in *Butt v. McEvoy*, 669 N.E.2d 1015 (Ind. Ct. App. 1996), the defendant in his role as deputy town marshal, knowingly provided false and malicious information to law enforcement. As a result, the plaintiff was arrested and charged, though all charges were eventually dropped and the plaintiff brought a malicious prosecution action against the defendant. *Id.* at 1016. The court explained that the ITCA's grant of immunity for malicious prosecution is designed to protect public officers from harassment in the performance of their duties to investigate crime and institute criminal proceedings. *Id.* at 1017. "To assure this freedom of action it is deemed best to make that assurance positive and definite by securing him against even actions based upon a malicious abuse of his official power." *Id.* (quoting *Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1306 (Ind. Ct. App. 1979)). The court clarified in *Butt* that "even assuming bad faith, it is clear that acting maliciously does not preclude application of immunity under" the ITCA. *Id.* at 1018. "If the activity is one in which

5

the individual may engage, i.e., if it is within the individual's general scope of authority, it is 'authorized' within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Id.*

Taking the facts in the amended complaint as true, the Court will assume that Mr. Swain and Mr. Albrecht acted in bad faith or maliciously. However, the Martens have not pleaded facts supporting their contention that Mr. Swain and Mr. Albrecht acted outside the scope of their employment. Therefore, the Court finds that the ITCA affords Mr. Swain and Mr. Albrecht immunity. The Martens were not without all recourse for the alleged wrongs, as they could have, and did, try to bring 42 U.S.C. § 1983 claims against Mr. Swain and Mr. Albrecht—but their claims were untimely. Additionally, there can be no claim against the State, as the State has not consented to suit. Accordingly, Defendants' motion to dismiss is **GRANTED**.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. 39) is **GRANTED**. This action is **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 06/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert A. Garelick
COHEN GARELICK & GLAZIER
bgarelick@cgglawfirm.com

Steven Michael Crell
COHEN GARELICK & GLAZIER
screll@cgglawfirm.com

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov