# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE S. MARTEN, and <br> CHRISTOPHER MARTEN, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW W. SWAIN, RICK ALBRECHT, <br> and STATE OF INDIANA, <br><br> Defendants. | Case No. 1:12-cv-00195-TWP-TAB |

## ENTRY ON PLAINTIFFS' MOTION TO AMEND JUDGMENT

This matter is before the Court on Plaintiffs', Janice S. and Christopher Marten ("the Martens"), Motion to Alter or Amend Judgment (Dkt. 52). The Court filed Judgment against the Martens on June 20, 2013, in which the Court provided a factual background of the issues in this case. *See* Dkt. 50. Finding no reason to alter or amend that Judgment, the Motion is **DENIED**.

## I. LEGAL STANDARD

Relief under Federal Rule of Civil Procedure 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Specifically, a motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996).

## II. **DISCUSSION**

The Martens' motion is predicated on their belief that the Court improperly decided their state law claims instead of dismissing them for lack of subject matter jurisdiction. However, their argument ignores a portion of the Court's analysis and the procedural posture of the complaint as of June 20, 2013, when judgment was entered.

First, in its Entry dismissing the Martens' state law claims on June 20, 2013, the Court noted that generally, when all federal claims have been decided, district courts should dismiss the state law claims. However, there are three exceptions to the rule. *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). The Court found in the first instance that the remaining state law claims could be clearly decided, which is one of the exceptions. *See id.* (stating an exception "when it is absolutely clear how the pendent claims can be decided"). The Court also noted that it appeared the statute of limitations had also run on the claim, but it did not primarily rely on this exception. The Martens have not provided a compelling reason to amend the Judgment and their motion is simply a rehash of their arguments made in response to the motion to dismiss.

Second, the Court notes that the June 20, 2013, Entry was the second Entry dismissing claims in this case. *See* Dkt. 35 (docketed October 22, 2012). In the initial Entry, the Court dismissed the federal claims with prejudice, but allowed the Martens leave to file an amended complaint curing the deficiencies of pleading their state law claims. At that point, the state law claims were dismissed. Had the Martens not filed an amended complaint in federal court, which they did on October 26, 2012, they were free to file in Indiana state court as they apparently now wish they had done. Rather, they filed the amended complaint in this Court; then when faced with a motion to dismiss by Defendants, sought to have the Court relinquish supplemental

jurisdiction of the claims they chose to have heard in a federal forum.  Again, the Martens have not demonstrated the Court's manifest error and simply rehash their previous arguments.

Third, the Martens rehash their arguments on the merits of their claim regarding immunity and scope of employment.  A rule 59(e) motion is not designed to reargue the merits of a claim and the Court will not revisit its ruling.

### III.  CONCLUSION

Accordingly, the Martens' Motion to Amend or Alter Judgment (Dkt. 52) is **DENIED**.

**SO ORDERED.**

Date: 03/10/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert A. Garelick
COHEN GARELICK & GLAZIER
bgarelick@cgglawfirm.com

Steven Michael Crell
COHEN GARELICK & GLAZIER
screll@cgglawfirm.com

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
grant.helms@atg.in.gov