**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JANICE S. MARTEN and CHRISTOPHER MARTEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:12-cv-00195-TWP-TAB |
| ANDREW W. SWAIN, | ) ) | |
| Defendant. | ) ) | |

### ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on March 20, 2017, held at the Indianapolis Courthouse. Plaintiffs Janice S. Marten and Christopher Marten ("the Martens") appeared by counsel Brad A. Catlin and Ronald J. Waicukauski. Defendant Andrew W. Swain ("Swain") appeared by counsel Paul O. Mullin and Molly E. Harbison. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

1.      The five day jury trial of this matter is scheduled to commence on **Monday, April 10, 2017, at 9:00 a.m.** The trial will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. Doors to the courtroom will be unlocked at **7:30 a.m.** Counsel must report no later than **8:00 a.m.** The jury is scheduled to arrive at **8:30 a.m.**, and panel selection will begin at **9:00 a.m.**

2.      The claim to be tried is the Martens' claim against Swain for malicious prosecution under 42 U.S.C. § 1983.

3.      The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimony.

a.      The Martens presented a list of twenty-three named witnesses and discussed the expected testimony of the potential witnesses (Filing No. 164).   Swain had no objections to the Martens' witnesses.

b.      Swain presented a list of thirty-five named witnesses and discussed the expected testimony of the potential witnesses (Filing No. 186).  The Martens filed a written objection to Bryan Callahan, for reasons explained later in this Entry; the Court **overruled** the objection.   The Martens orally objected to nine witnesses, and the Court took those objections under advisement. The Court **overruled** the objection to Orval "Ollie" Schierholz, and Schierholz may testify regarding whether Ms. Marten served jury duty in February or March 2008.  Swain withdrew Brian D. Salwowski from his witness list and orally moved for permission to designate in his place, Gary Secrest, who has been identified on previous witness lists.  The Court **granted** the oral motion to amend the witness list. Because of rulings on summary judgment, Swain may be able to further reduce his witness list.  Swain is **ORDERED** to file an Amended Witness List by no later than **Friday, March 24, 2017**.  Any objections that the Martens may have to the Amended Witness List must be filed by no later than **Friday, March 31, 2017**.

c.      The Martens filed a Motion to Exclude Opinions of H. Bryan Callahan (Filing No. 145), who is Swain's expert witness to counter the Martens' damages expert witness Bruce L. Jaffee.  The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  To be admissible, expert testimony must be both relevant and reliable.  Courts look at whether (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony is

2

scientifically reliable; and (3) the testimony assists the trier of fact to understand the evidence or to determine a fact in issue. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). The Martens' primary argument is that Callahan's expert testimony consists of legal conclusions, and expert witnesses may not provide testimony regarding legal conclusions. *See Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). The Martens also argue that Callahan's testimony is self-contradictory and therefore unreliable.

Swain responds that Callahan's testimony does not consist of legal conclusions, pointing out that some of Callahan's deposition testimony simply shows his understanding of various legal standards. His deposition testimony regarding his understanding of legal standards does not convert his expert testimony about damages into an expert opinion regarding legal conclusions. Swain also responds that Callahan's testimony is not self-contradictory and that the Martens' attempt to show contradictions is based on selective quotations and taking testimony out of context.

Upon review of the briefing and exhibits for the Motion to Exclude, the Court determines that Callahan's anticipated testimony does not consist of impermissible legal conclusions, it appears to be reliable, and it is relevant to the issue of damages. It appears that Callahan has the training, education, and experience to serve as an expert witness in this matter regarding damages. His opinions seem to be limited to a review and analysis of the expert opinion of the Martens' damages expert witness. The concerns raised by the Martens are each adequately addressed by "the traditional and appropriate means of attacking shaky but admissible evidence," which are "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."

*Daubert*, 509 U.S. at 596.  Therefore, the Court **DENIES** the Martens' Motion to Exclude Opinions of H. Bryan Callahan (Filing No. 145).

        d.        To avoid calling non-party witnesses twice, the parties are instructed to conduct direct and cross-examinations the first time a non-party witness is called.  The Court discourages the parties from calling cumulative witnesses and presenting cumulative testimony.

4.        The Court reviewed the parties' exhibit lists and made the following rulings:

        a.        The Martens' Exhibit List (Filing No. 167) designated one hundred forty-nine exhibits.  Swain did not file any written objections to the Martens' exhibits.

        b.        Swain's Exhibit List (Filing No. 169) designated ninety-five exhibits. Exhibit 245 contained numerous transcripts of depositions and exhibits to those depositions without separately identifying each document by an individual exhibit number. Additionally, Exhibit 247 contained numerous tax and business documents without separately identifying each document by an individual exhibit number.  At the final pretrial conference, Swain represented to the Court that he had reorganized his exhibit binder to correct this non-compliance with the Court's directions for identifying exhibits.  However, the Exhibit List on the docket is non-complying and now does not correlate with his exhibit binder.  Therefore, the Court **ORDERS** Swain to file an Amended Exhibit List by no later than **Friday, March 24, 2017**.  The Martens filed written objections to Swain's exhibits at Filing No. 177.  The Martens are granted leave to refile any objections to Swain's Amended Exhibit List by no later than **Friday, March 31, 2017**.

        c.        The parties filed a Stipulated Exhibit List (Filing No. 172), designating certain exhibits as authentic public records and other exhibits as authentic.  The parties are

to confer and discuss whether they can agree on the admissibility or authenticity of any additional exhibits to avoid calling witnesses solely for foundational purposes.

       d.      The parties are to provide **three (3) copies** of their exhibits to the Courtroom Deputy Clerk by **<u>Friday, April 7, 2017</u>, at 12:00 p.m.**

5.      The Court discussed jury instructions and the joint issue instruction:

       a.      The Court will use its own preliminary jury instructions, which will be emailed to counsel by **<u>Wednesday, April 5, 2017</u>**.  Counsel will have until **12:00 p.m. on <u>Friday, April 7, 2017</u>**, to file any objections with the Court.

       b.      The parties filed Joint Proposed Final Jury Instructions and a joint issue instruction (Filing No. 174).  The parties were **ORDERED** to refile the jury instructions by no later than **<u>Friday, March 31, 2017</u>** with an "Instruction Number" at the top of each instruction and with all references to Rick Albrecht as a defendant removed.

       c.      The Court will settle final jury instructions on the last day of trial after the close of evidence.

       d.      The parties failed to submit a proposed verdict form.  The Court **ORDERED** the parties to file a proposed verdict form by no later than **<u>Friday, March 31, 2017</u>**.

6.      The Court discussed *voir dire*, the jury, and opening statements:

       a.      Jury selection will commence on **Monday, April 10, 2017, at 9:00 a.m.** Counsel may obtain a copy of the responses to juror questionnaires in person at the Indianapolis Courthouse from the Courtroom Deputy Clerk on **Friday, April 7, 2017, at 12:00 p.m**.  The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

b.    A panel of twenty-three (23) prospective jurors will be called, and a jury of eight (8) and no alternates will be empaneled.  The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by counsel, after which counsel for the parties will have up to fifteen (15) minutes per side for any follow-up questions.  Challenges for cause will be made at the bench.  After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised simultaneously and in writing.  There will be no backstriking.

c.    The Court informed the parties that, during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

d.    Each side will have twenty-five (25) minutes for opening statements.  The amount of time allotted for closing arguments will be determined at the close of evidence.

e.    **Before Wednesday, April 5, 2017, at 12:00 p.m.**, counsel shall advise and share with one another any demonstrative exhibits they intend to use.  Any objections to demonstrative exhibits must be filed by **12:00 p.m. on Friday, April 7, 2017**, so that any objections may be resolved before the opening statements.

7.    The Martens filed a written Motion for Separation of Witnesses (Filing No. 175). The Court **GRANTED** the Motion.  The parties are to instruct their witnesses to report to Room #346.  The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given.

8.    The Court discussed the parties' efforts to reach a settlement in this matter.  The parties represented that settlement discussions are ongoing.  The parties are encouraged to continue settlement discussions and are directed to promptly notify the Court if a settlement is reached.

9.      The parties orally notified the Court of their intent to use the Court's VEPS system during trial.  Counsel are instructed to schedule training with the Courtroom Deputy Clerk.  Both parties intend to use IT personnel to assist with their exhibit presentations.  Counsel shall make these arrangements through the Courtroom Deputy Clerk.

10.      The Court and parties discussed the Martens' Motion in *Limine* ([Filing No. 162](#)). The Martens request that the Court exclude evidence and argument (1) that the Martens are or were "sovereign citizens" or "tax protesters;" (2) concerning any investigation by the Indiana Secretary of State of the Martens regarding securities; and (3) concerning other lawsuits against Mr. Marten. The Martens assert that these categories of evidence are not relevant to the issues in this matter, and even if they were relevant, the probative value is outweighed by the danger of unfair prejudice, undue delay, confusion of the issues, and the potential to mislead the jury.  The Martens further argue that this evidence is prohibited under Federal Rule of Evidence 404(b)—"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Swain responds that these categories of evidence are directly relevant to the issues in this case regarding probable cause, malice, pursuing criminal charges against the Martens, and the opportunity, motive, intent, and plan surrounding much of the conduct of the Martens throughout the investigation.  Swain asserts that this evidence also relates directly to damages, especially where the Martens are claiming reputational harm.  Swain points to the language of Federal Rule of Evidence 404(b)(2) which allows this type of evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The Court notes that it excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose.  *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1400–01.  Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded.  *Id.* at 1401.

After reviewing the parties' arguments and exhibits, the Court determines that there may be some circumstances related to the issues involved in the malicious prosecution claim and damages where the challenged evidence may be admissible for certain purposes, not to prove the Martens' character in order to show that on a particular occasion the Martens acted in accordance with that character.  For this reason, the Court **DENIES** the Martens' Motion in *Limine* (Filing No. 162) with respect to the investigation by the Indiana Secretary of State of the Martens regarding securities, and concerning other lawsuits against Mr. Marten.  However, because of the potential for unfair prejudice and confusion of issues, the Court **GRANTS** the Motion *in Limine* with respect to use of the labels "sovereign citizen" and "tax protester" during trial.  Further, Swain may not call witnesses for the sole purpose of explaining the ideology behind the tax protestor movement and sovereign citizens.  An order in *limine* is not a final, appealable order.  During the course of the trial, if the parties believe that evidence being offered is inadmissible or irrelevant, counsel may approach the bench and request a hearing outside the presence of the jury.

11.    Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice" (Filing No. 27) before the start of the trial.

**CONCLUSION**

The Entry above details the final pretrial discussions, rulings and directions given pursuant to Trial Rule 16. In addition, the Court made the following rulings. The Martens' Motion to Exclude Opinions of H. Bryan Callahan is **DENIED** (Filing No. 145). The Martens' Motion for Separation of Witnesses is **GRANTED** (Filing No. 175). The Martens' Motion in *Limine* is **DENIED in part and GRANTED in part.** (Filing No. 162).

**SO ORDERED.**

Date: 3/22/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brad A. Catlin
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
bcatlin@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com

Paul Owen Mullin
LEWIS & WILKINS LLP
mullin@lewisandwilkins.com

Molly Elizabeth Harbison
LEWIS & WILKINS LLP
harbison@lewisandwilkins.com